DEC-23-1997  16:45        USDC HUNTSVILLE                205 551 0741        P.004/018

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED

97 DEC 23 PM 2: 14

... COURT
... ALABAMA

CAROLE CAMPBELL COCKRUM, etc., )
                               )
      Plaintiff,               )
                               )
DUNLOP TIRE CORPORATION and    )
ROYAL INSURANCE COMPANY,       )
                               )
      Intervenor Plaintiffs,   )
                               )
vs.                            )    Civil Action No. CV96-S-649-NE
                               )
DR. SUBBA RAO CHENUMOLU,       )
                               )    ENTERED
      Defendant.               )

DEC 2 3 1997

MEMORANDUM OPINION

Harley Norris Cockrum injured his knee while working for Dunlop Tire. He submitted to arthroscopic surgery on August 10, 1994. Defendant, Dr. Subba Rao Chenumolu, performed anesthetic services for Mr. Cockrum before, during, and after that procedure. During the course of, or following surgery, Harley Cockrum suffered severe and permanent brain damage.

Carole Cockrum commenced this medical malpractice action on March 11, 1996. She sued on her own behalf, and, as personal representative of her incompetent husband. Dunlop Tire Corporation and Royal Insurance Company intervened, to recover workers' compensation benefits paid to, and medical expenses paid on behalf of, Harley Norris Cockrum. Dunlop and Royal now ask the court to dismiss their claims with prejudice.

Carole Cockrum also asks the court to exclude evidence of such payments by Dunlop and Royal during the trial of this action. Her motion is bottomed upon Alabama's collateral source doctrine, providing that "an amount of damages is not decreased by benefits received by a plaintiff from a source wholly collateral to and independent of the wrongdoer...." *Williston v. Ard*, 611 So.2d 274, 278 (Ala. 1992).

Dr. Chenumolu opposes both motions. He contends Dunlop and Royal are "real parties in interest" under Federal Rule of Civil Procedure 17(a). He further asserts the collateral source doctrine does not apply, because plaintiff "and her husband did not pay the expenses and in fact were never liable for them." (Defendant's brief at 6.

Carole Cockrum's counsel made the following points during oral argument. Mrs. Cockrum is a "statutory plaintiff."[1] Such parties are an exception to Federal Rule of Civil Procedure 17(a), which expressly provides that statutory plaintiffs may sue without naming all persons who will receive benefits from the lawsuit: "a party authorized by statute may sue in that person's own name without joining the party for whose benefit the action is brought ...." There is no potential that Dr. Chenumolu will be subjected "to

---

[1] That is, Mrs. Cockrum commenced this action in accordance with Alabama Code § 25-5-11(a), providing in part:

> If the injury or death ... was caused under circumstances also creating a legal liability for damages on the part of any party other than the employer ... the employee ... may bring an action against the other party to recover damages for the injury....
> [Emphasis added.]

2

multiple, inconsistent actions,"[2] because Dunlop and Royal have

agreed to dismiss their claims with prejudice.   Alabama's

collateral source doctrine applies for two reasons: the

Legislature's attempt to abolish it was held unconstitutional in

*American Legion Post Number 57 v. Leahey*, 681 So. 2d 1337 (Ala.

1996); and, the Eleventh Circuit holds that it applies in diversity

actions. *Bradford v. Bruno's Inc.*, 94 F.3d 621 (11th Cir. 1996).

Finally, that doctrine precludes the admission of evidence of

workers' compensation benefits in actions against third-party

tortfeasors. *J.B. Hunt Transport, Inc. v. Credeur*, 681 So.2d 1355

(Ala. 1996).

The foregoing arguments, while essentially correct, require

minor elaboration.

Discussion must begin with Alabama Code § 25-5-11(a), reading

in pertinent part as follows:

> If the injury or death for which compensation is
> payable under [Alabama's workers' compensation statutes]
> was caused under circumstances also creating a legal
> liability for damages on the part of any party other than
> the employer, ... the employee ... may proceed against
> the employer to recover compensation under this chapter
> or may agree with the employer upon the compensation
> payable under this chapter, and at the same time, may
> bring an action against the other party to recover
> damages for the injury or death, and the amount of the
> damages shall be ascertained and determined without
> regard to this chapter. ... If the injured employee ...
> recovers damages against the other party, the amount of
> the damages recovered and collected shall be credited
> upon the liability of the employer for compensation. If
> the damages recovered and collected are in excess of the
> compensation payable under this chapter, there shall be
> no further liability on the employer to pay compensation

---

[2] Defendant Dr. Chenumola's Brief on Real Party in Interest and Collateral
Source Issues, at 2.

3

on account of the injury or death. To the extent of the
recovery of damages against the other party, the employer
shall be entitled to reimbursement for the amount of
compensation theretofore paid on account of injury or
death.  If the employee who recovers damages is receiving
or entitled to receive compensation for permanent total
disability, then the employer shall be entitled to
reimbursement for the amount of compensation theretofore
paid, and the employer's obligation to pay further
compensation for permanent total disability shall be
suspended for the number of weeks which equals the
quotient of the total damage recovery, less the amount of
any reimbursement for compensation already paid, divided
by the amount of the weekly benefit for permanent total
disability which the employee was receiving or to which
the employee was entitled. For purposes of this
amendatory act, the employer shall be entitled to
subrogation for medical and vocational benefits expended
by the employer on behalf of the employee; however, if a
judgment in an action brought pursuant to this section is
uncollectible in part, the employer's entitlement to
subrogation for such medical and vocational benefits
shall be in proportion to the ratio the amount of the
judgment collected bears to the total amount of the
judgment.

Dr. Chenumolu contends that statute vests Dunlop and Royal
with "the right to recover the benefits paid through subrogation"
and, accordingly, they are the "only" real parties in interest:

> Alabama and federal law explicitly define the
> relationships between the parties in this case and their
> rights regarding the medical expenses at issue.  First,
> Alabama Code § 25-5-11 provides that when an employee has
> received compensation under the workers' compensation act
> and then seeks damages from a third party, the employer
> shall be entitled to subrogation for medical benefits
> spent by the employer on behalf of the employee.  Dunlop
> Tire Corporation is Mr. Cockrum's employer and Royal
> Insurance Company is its workers' compensation carrier.
> Those entities, and not Mr. Cockrum, have been liable for
> and have paid for the medical expenses incurred for Mr.
> Cockrum's care.  Alabama law gives them the right to
> recover the benefits paid through subrogation.
>
> Second, Federal Rule of Civil Procedure 17(a)
> provides that every action shall be prosecuted in the
> name of the real party in interest.  When the insurer as

4

> subrogee has paid an entire loss suffered by an insured,
> it is the only real party in interest and must sue in its
> own name. *Frank Brisco Co. v. Georgia Sprinkler Co.,* 713
> F.2d 1500, 1502 (11th Cir. 1983)(citing *United States v.
> Aetna Cas. & Sur. Co.,* 338 U.S. 366, 379-81 (1949)).
> Royal Insurance has paid the entire amount of Mr.
> Cockrum's medical expenses.   ...

(Defendant Dr. Chenumolu's Brief on Real Party in Interest and
Collateral Source Issues, at 3 (emphasis supplied).)

Dr. Chenumolu's basic premise is not correct. Neither Dunlop
nor Royal are subrogees. Alabama law confers the substantive right
to bring an action against a third-party tortfeasor for the
recovery of damages growing out of an employment injury exclusively
upon the employee for a period of two years from the date of
injury. This action was instituted within that two year window of
exclusivity. Accordingly, neither Dunlop nor Royal possess more
than a statutory lien: they are entitled to "reimbursement" from
any amount recovered by Carole Cockrum by way of verdict or
settlement; hence, as the following discussion will demonstrate,
neither is a real party in interest.[3]

This is a diversity case. Accordingly, this court must rely
upon Alabama substantive law to determine whether Dunlop and Royal

---

[3] Dr. Chenumolu cites Eleventh Circuit authority for the proposition that,
"[w]hen the insurer as subrogee has paid an entire loss suffered by an insured,
it is the only real party in interest and must sue in its own name." Frank
Briscoe Co., Inc. v. Georgia Sprinkler Co., Inc., 713 F.2d 1500, 1502 n.1 (11th
Cir. 1983). Even so, intervenors have not paid Carole Cockrum's "entire loss,"
as the Ninth Circuit aptly noted when discussing the application of the
collateral source doctrine to workmen's compensation benefits: "damages for
personal injury are usually not, and as a practical matter cannot be, fully
compensatory. The additional recovery will rarely make the injured person truly
more than whole." Gypsum Carrier, Inc. v. Handelsman, 307 F.2d 525, 534 (9th Cir.
1962). Furthermore, the *Frank Briscoe* court was not concerned with determining
the "real party in interest." Rather, the court relied upon Georgia law to
determine whether a subrogation right existed. This court finds that Dr.
Chenumolu's authority is not on point, particularly in light of the other
authority addressed in this opinion.

are real parties in interest. *E.g., Proctor v. Gissendaner*, 579
F.2d 876, 880 (5th Cir. 1978)("It is settled that in a diversity
case we must look to the substantive rights afforded by state law
in making the determination of whether the named party is a real
party in interest").[4]

In *Ex parte Howell*, 447 So. 2d 661 (Ala. 1984), the Alabama
Supreme Court analyzed Alabama Code § 25-5-11 to determine whether
a workers' compensation insurance carrier was a "real party in
interest" to an injured employee's action against a third-party
tortfeasor for purposes of Alabama Rule of Civil Procedure 17(a)
providing, identically with the corollary federal rule upon which
it is based, that "[e]very action shall be prosecuted in the name
of the real party in interest."   The *Howell* court sought to
determine whether § 25-5-11 gave the workers' compensation
insurance carrier any "substantive rights against the tortfeasor."
*Id.* at 665.   In doing so, the court relied upon two federal
decisions, both of which found that a workers' compensation
insurance carrier is not a "real party in interest" to an action
instituted in a timely manner by an employee against a third-party
tortfeasor. *Id.* at 665-66 (discussing *Joyner v. F & B Enterprises,
Inc.*, 448 F.2d 1185 (D.C. Cir. 1971), and, *Doyle v. Colborne Mfg.
Co.*, 93 F.R.D. 536 (D. Kan. 1982)).   The *Howell* court found that

---

[4] In Bonner v. City of Pritchard, 661 F.2d 1206, 1209 (11th Cir. 1981)(en
banc), the Eleventh Circuit adopted as binding precedent all decisions of the
former Fifth Circuit handed down prior to October 1, 1981.

6

Alabama Code § 25-5-11 "exists in essentially the same form" as its

predecessor statute, which

> was interpreted by this Court and the Court of Civil
> Appeals to mean that <u>the employee</u>, or his dependents in
> the case of his death, <u>had the exclusive authority to
> bring the action</u>, <u>unless they failed to bring the action
> within the time allowed by law</u>, in which case the
> employer or his insurer had the right to proceed against
> the third-party tortfeasor.

*Id.* at 667 (emphasis supplied). The *Howell* court concluded that:

> when the injured employee exercises his statutory right
> to initiate his exclusive action against the alleged
> third-party tortfeasor, the insurance carrier is not a
> "real party in interest" under [Alabama's version of]
> Rule 17(a). The interest to which it is "subrogated" is
> in whatever recovery is obtained by the employee against
> the tortfeasor. <u>The statute, § 25-5-11, gives the
> insurer no "right to be enforced" against the tortfeasor
> in that instance</u>, and thus the insurer is not a real
> party in interest under these circumstances.

*Id.* (emphasis supplied).[5] The *Howell* court's placement of

quotation marks around the word "subrogated" in the foregoing

quotation was illuminated by Mr. Justice Faulkner in a concurring

opinion, where he observed that a workers' compensation insurance

carrier "is not a subrogee in the true sense of the word," because

it has no right to initiate an action against the third-party

tortfeasor for the benefits paid to, or on behalf of, the injured

employee, <u>unless</u> "the employee fails to bring an action against the

tortfeasor within the time allowed by law," in which event "the

---

[5] *Howell* could be narrowly interpreted as holding only that "<u>the insurer</u>
is not a real party in interest." Under such a reading, Dr. Chenumolu could
argue that Dunlop Tire Corporation, as opposed to Royal Insurance Company, is a
real party in interest. *Howell*, however, interpreted Alabama Code § 25-5-11 to
reach its conclusion that an "insurer is not a real party in interest." It
should be noted that § 25-5-11 makes no mention of <u>insurers</u>; indeed it speaks
only of the injured employee's "<u>employer</u>." (See note 1 *supra*.) This court
accordingly finds that *Howell*'s holding is applicable to Harley Norris Cockrum's
"employer," Dunlop Tire Corporation.

insurer may bring the action." *Ex parte Howell*, 447 So.2d at 668

(Faulkner, J., concurring).

It probably should be noted that Alabama Code § 25-5-11(a) was

amended eight years after the *Howell* decision, to expressly confer

upon employers a right to subrogation for medical and vocational

expenses paid on behalf of injured employees.   The following

sentence was added to the end of § 25-5-11(a) in 1992:

> For purposes of this amendatory act, the employer shall
> be entitled to <u>subrogation</u> for medical and vocational
> benefits expended by the employer on behalf of the
> employee; however, if a judgment in an action brought
> pursuant to this section is uncollectible in part, the
> employer's entitlement to <u>subrogation</u> for such medical ad
> vocational benefits shall be in proportion to the ratio
> the amount of the judgment collected bears to the total
> amount of the judgment. [Emphasis supplied.]

The Legislature's interjection of the word "subrogation" is

potentially confusing, because it stands in sharp contrast to the

preceding sentences of § 25-5-11(a), all of which employ the word

"reimbursement":   *e.g.,*   "the   employer   shall   be   entitled   to

<u>reimbursement</u>."   Even so, this court concludes the amendatory act

was not intended to grant employers or their workers' compensation

insurance   carriers   any   greater   rights   against   third-party

tortfeasors than previously conferred by statute.   In other words,

neither the employer nor its insurance carrier is <u>immediately</u>

<u>entitled</u> to  institute  a  direct  action  against  a  third-party

tortfeasor to recover benefits paid to, or on behalf of an injured

employee;  instead,  both  still  must  wait  until  the  statute  of

limitations expires on the employee's claim. Alabama Code § 25-5-

8

11(d).    Such   an   interpretation   provides   consistency   within

Alabama's   workers'   compensation   statutes,   and,   comports   with

traditional subrogation principles in workers' compensation law.

> The right of subrogation is also typically given by
> statute under the Workmen's Compensation Laws of the
> various states.  Where an employee receives a compensable
> injury for which a third party would by liable, and
> receives   benefits,   the   carrier   is   entitled   to
> reimbursement or subrogation.  If the employee brings an
> action against the third party, the carrier has a lien on
> any amount recovered and is entitled to reimbursement
> therefrom.   If the employee does not bring an action,
> then the carrier is subrogated to the employee's right to
> bring the action.

William   F.   Meyer,   *Life   and   Health   Insurance   Law*   §   18:19

(1971)(emphasis supplied).

This holding is not changed by the legislative fact that

Alabama law imposes the liability for medical expenses incurred as

a   result   of   an   on-the-job   injury   upon   the   injured   worker's

employer. *Cf., e.g., Ensor v. Wilson,* 519 So. 2d 1244, 1266-67

(Ala. 1987)(collateral   source   doctrine   precludes   admission   in

medical malpractice action of evidence pertaining to benefits paid

to plaintiff pursuant to federal and state law); *Mitchell v. Moore,*

406   So.   2d   347,   351   (Ala.   1981)(collateral   source   doctrine

precludes admission of evidence of medicare payments).

Even so, Dr. Chenumolu alternatively claims that Dunlop and

Royal have a "significant interest" in this litigation, because

they have reached an agreement with Carole Cockrum providing they

shall receive forty percent of any sum recovered by settlement or

jury verdict.  Possessing an interest, even a significant interest,

9

does not make Dunlop or Royal "real parties in interest" as defined by Alabama statutory and decisional law, or Federal Rule of Civil Procedure 17(a) which, in this diversity action, looks to such underlying state law for guidance.

Dr. Chenumolu asserts in opposition to Carole Cockrum's motion to exclude collateral source evidence that "Mrs. Cockrum cannot present evidence of the expenses and attempt to recover them, as she and her husband did not pay the expenses and in fact never were liable for them." (Defendant's brief at 5-6.)[6]   Alabama law contradicts that argument.  In *Jones v. Crawford*, 361 So.2d 518 (Ala. 1978), the defendants argued that plaintiff could not recover medical expenses in a third party action under the predecessor statute to Alabama Code § 25-5-11, because "plaintiff did not pay or become obligated to pay the medical bills." *Id.* at 521.  The Alabama Supreme Court found:

> The trial court's amended pretrial order ruled that the plaintiff's medical expenses "are provable and recoverable" and plaintiff is "legally liable for the payment thereof" and that defendants "are precluded from proving" that USF&G, the workmen's compensation insurance carrier, provided coverage for the expenses and in fact paid them.  We think the trial judge ruled correctly.
>
> . . .
>
> Therefore, we hold plaintiff can recover his medical expenses and that the trial court committed no error in its amended pretrial order.

---

[6] Defendant's argument that the presence of Dunlop Tire Corporation and Royal Insurance Company "requires the jury to consider evidence of the amount of money paid by [them] for the Plaintiff's hospital and medical expenses" (Defendant's brief at 2) is moot, in light of this court's decision to grant the intervenors' motion to dismiss.

10

> To hold otherwise would mean that the plaintiff in a
> third party action could not recover for lost wages to
> the extent compensated by insurance which is clearly
> inconsistent with the statute. Moreover, to disallow
> recovery for medical expenses would be inconsistent with
> the "collateral source" rule which, in general, states
> that benefits received by a plaintiff from a source
> wholly independent of and collateral to the wrongdoer
> will not diminish the damages otherwise recoverable from
> the wrongdoer.

*Id.* 521-22. Moreover, in *Southern v. Plumb Tools*, 696 F.2d 1321

(11th Cir. 1983), the Eleventh Circuit held that:

> the district court erred, under Alabama law, by refusing
> to limit the participation at trial of the intervening
> workmen's compensation carrier and by allowing the jury
> to learn that the employee had received workmen's
> compensation benefits, and that such was not harmless
> error.
>
> . . .
>
> Alabama strictly adheres to the collateral source rule
> with respect to insurance payments and workmen's
> compensation benefits, and any showing that plaintiff has
> received such payments constitutes reversible error.

*Id.* at 1321, 1323. Accordingly, plaintiff's motion to exclude

evidence of collateral source payments is due to be granted.

An appropriate order consistent with this memorandum opinion

shall be entered contemporaneously herewith.

DONE this **23**rd day of December, 1997.

United States District Judge

11